(90 South. 875)

### TENNESSEE COAL, IRON & R. CO. v. PEROLIO.   (6 Div. 753.)

(Court of Appeals of Alabama. · April 5, 1921. Rehearing Denied May 10, 1921.)

**Trial** ⬤⟞143—Where evidence conflicts, refusal of affirmative charge proper.

Where there was a conflict of the evidence, the refusal of an affirmative charge was proper.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Zack Perolio against the Tennessee Coal, Iron & Railroad Company, for damages for overflowing land. Judgment for the plaintiff, and defendant appeals. Reversed and remanded, in accordance with the mandate of the Supreme Court. 206 Ala. 403, 90 South. 876.

The complainant alleges that he was the owner and was in possession of certain property (described in the complaint), and that he built and erected dwellings thereon, and that the defendant built or erected a building or structure of a permanent nature on or near said lot, and as a proximate consequence thereof the water was caused to flow or be or stand on said lot, and same was rendered less valuable to plaintiff, and plaintiff lost the rent on premises for a long time, and was deprived of tenants a long time, and suffered (here follows catalogue of mental and physical injuries). The evidence tends to show that the lot of plaintiff, on which was erected a storehouse and other improvements, was a bit higher than the lot adjoining it, and that the water naturally flowed away from it, and that the defendant built

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a fence or a chock house on its lot, which caused the water to back up and stand around the house and on the lot belonging to the plaintiff. The demurrers and the pleas raised the question of defendant's legal right to erect and maintain the structure on its premises.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

The lot being a city lot was not subject to the servient rule as to the natural flowage of unchanneled waters. 72 Ala. 277, 47 Am. Rep. 412; 75 Ala. 91, 51 Am. Rep. 424; 141 Ala. 431, 37 South. 586; 179 Ala. 425, 60 South. 891, 43 L. R. A. (N. S.) 792; 87 Ark. 41, 112 S. W. 173, 20 L. R. A. (N. S.) 155. The proof and the allegation did not correspond. 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; 140 Ala. 581, 37 South. 387; 141 Ala. 246, 37 South. 341; 141 Ala. 372, 37 South. 329. The most that could be recovered was nominal damages. 165 Ala. 417, 51 South. 871, 138 Am. St. Rep. 73; 156 Ala. 250, 47 South. 327; 98 Ala. 382, 11 South. 733. The verdict was contrary to the instructions of the court. 198 Ala. 682, 73 South. 975; 150 Ala. 445, 43 South. 856; 148 Ala. 527, 41 South. 683; 87 Ala. 23, 6 South. 53.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The exception to the general rule, invoked by appellant, is without application here. 165 Ala. 565, 51 South. 746, 138 Am. St. Rep. 77; 194 Ala. 162, 69 South. 582. The allegations were sufficient to permit it to be shown that damage was done to the storehouse and to other houses. 13 Cyc. 179; 17 C. J. 1004; 7 Ala. App. 274, 61 South. 29; 148 Ala. 675, 41 South. 918; 9 Ala. App. 116, 62 South. 370; 150 Ala. 330, 43 South. 342.

BRICKEN, P. J. Appellee sued appellant for damages caused to his property on account of certain improvements made upon its property by appellant, causing water to flow or stand upon the property of appellee, which adjoined that of appellant.

There are numerous assignments of error, which question the rulings of the court in overruling the demurrers to the complaint as amended, the refusal to give special written charges requested by appellant, excerpts from the oral charge of the court, rulings of the court upon the testimony, and also the action of the court in overruling defendant's motion for a new trial. We have carefully examined the record, and are of the opinion that the complaint as amended was not subject to any ground of demurrer assigned thereto.

As stated, there are numerous assignments of error, but the principal contention of appellant appears to be that the trial court should have given the general charge re-quested by defendant, on the idea that its property was excepted from the general rule applying to surface water drainage, contending it was within that class of cases excepted from the general rule, where the property in question is town or city lots and used for town and city purposes.

Without elaboration, it may be stated that the general rule of law with reference to adjoining properties is that the lower—or, as sometimes called, servient—estate is subject to an easement in favor of the upper or dominant estate, with reference to the drainage of water. The rule is that one must so use his property as not to injure the rights of another, and hence that he must receive the natural flow of surface water from the upper proprietor. "Because water is descendible by nature, the owner of a dominant or superior heritage has an easement in the servient or inferior tenement, for the discharge of all waters which by nature rise in, or flow or fall upon the superior." Nininger v. Norwood, 72 Ala. 277, 47 Am. Rep. 412; Sloss-Sheffield Steel & Iron Co. v. Mitchell, 167 Ala. 226, 232, 52 South. 69; Southern Rwy. Co. v. Lewis, 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77.

The exception to the rule is said to be in the case of buildings erected upon city or village lots. Sloss-Shef. S. & I. Co. v. Mitchell, supra. In So. Ry. Co. v. Lewis, supra, the exception is stated as follows:

"There is an exception or a limitation to the rule above announced, and that is: It does not apply to city or village lots, property for which artificial drainage has been obtained, or which, from necessity, must be so drained. This may be necessary under the laws of hygiene. The question of drainage involves not only the private property rights of the owner, but it sometimes involves the rights, health, and well-being of the public, in which case the individual rights of the owner yield to the common right of all. But if there be no artificial drainage provided by law, and no necessity therefor, and the land be not the usual city lots for ordinary building purposes, then the reason for the rule ceases, and the rule with it."

Appellant relies principally on the case of Shanan v. Brown, 179 Ala. 425, 60 South. 891, 43 L. R. A. (N. S.) 792, but upon examination of the facts in that case it is clearly seen that there is but slight analogy to the facts in the instant case. After a careful examination of the entire record we are of the opinion that the exception to the general rule, relied upon by defendant, does not apply to the case at bar. So. Ry. Co. v. Lewis, supra. The lower court in effect so held. We regard the court's oral charge as a clear presentation of the law, and are of the opinion that the several exceptions reserved thereto are without merit.

We are of the opinion that appellant suffered no injury by reason of the refusal to

give the several charges requested in writing. There was a conflict in the evidence, and the affirmative charge for defendant was properly refused. The other charges were fully covered by the oral charge of the court.

Many exceptions were reserved to the rulings of the court upon the admission of testimony. It would serve no good purpose to review each of these rulings separately, as a careful examination of each of these rulings convinces us that there was no error prejudicial to the substantial rights of the defendant in this connection, and in our opinion the court did not err in overruling the motion for a new trial.

No error of a reversible nature appearing, the judgment of the lower court is affirmed.

Affirmed.

PER CURIAM. This case is reversed and remanded, on authority of the mandate of the Supreme Court rendered in the case of Ex parte Tennessee C., I. & R. R. Co. v. Perolio, 206 Ala. 403, 90 South. 876.